UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO.: 04-10370-RGS |
| v. ) | |
| ) | |
| NICHOLAS ZACCARO ) | |

**GOVERNMENT'S RESPONSE TO MOTION FOR REVOCATION
OF DETENTION ORDER**

The government hereby respectfully opposes defendant Zaccaro's motion for revocation of Magistrate Judge Collings' detention order dated November 8, 2005 ("Order"), because Magistrate Judge Collings properly found that no conditions of release will reasonably assure the defendant's appearance and the safety of the community.

## I. FACTS

Pretrial Services petitioned for revocation of defendant's pretrial release after the pretrial services officer was informed that defendant had made statements threatening a witness. A hearing was scheduled for this matter on November 1, 2005. The government submits by way of proffer that at that hearing, a Special Agent with the Drug Enforcement Administration was expected to testify regarding threats made by the defendant. The DEA agent interviewed numerous persons regarding an incident outside a Boston nightclub that occurred while Zaccaro and a cooperating witness against him were on pretrial release in September 2005. The cooperating witness (CW) in this matter received a telephone call from a mutual acquaintance of himself[1] and the defendant that defendant Zaccaro was looking for the CW to kill him. The

---

[1] The identity of the cooperating witness and all other persons discussed in this Opposition have been disclosed to the defendant. Although no information about the CW is disclosed in this publicly filed document, for convenience, the government refers to the CW using masculine pronouns, without regard to the witness' actual gender.

acquaintance had not heard this directly from defendant Zaccaro, but rather from one of the acquaintance's employees. The DEA Agent would testify that he interviewed the CW, the acquaintance, and the employee. The CW related the events described above. The employer/acquaintance confirmed the CW in all pertinent detail.

Meanwhile, defendant Zaccaro pled guilty to the underlying offenses. Docket at Dec. 21, 2005.

## II.  STANDARD OF REVIEW

In <u>United States v. Tortora,</u> 922 F.2d 880, 882 (1st Cir. 1990), the First Circuit held that a District Judge must conduct a "<u>de novo</u> review" of a contested detention order issued by a magistrate judge. 922 F.2d at 883 n. 4. Requiring the district court to conduct a <u>de novo</u> review does not mean that it must conduct a <u>de novo</u> hearing. Nor does it mean that the district court must disregard the magistrate's fact finding and the inferences to be drawn therefrom. The thrust of <u>Tortora</u> is thus that the district court should not act as if it were an appeals court reviewing the acts of a district court and thereby constrained by the evidence presented and fact finding conducted below. <u>Tortora</u> mandates that the district court must instead make an independent determination of the detention decision, unconstrained by the limits of the magistrate's conclusions or the record established in the original detention hearing.

In <u>United States v. Koenia</u>, 912 F.2d 1190 (9th Cir. 1990), one of the cases on which <u>Tortora</u> relies, the court aptly summarized the district court's power and obligation in reviewing a magistrate's detention order:

---

The government will of course provide names and other identifying information to the Court under seal if requested.

> [t1he district court . . . need not] start over in every case, and proceed as if the magistrate's decision and findings did not exist. The district court erred, however, in ruling that it could review the magistrate's findings under a "clearly erroneous" standard of deference. It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate. The point is that the district court is to make its own "de novo" determinations of facts, whether different from or an adoption of the findings of the magistrate.

912 F.2d at 1193.[2]

### III. ARGUMENT

The Bail Reform Act presumes detention for certain classes of persons. These include persons charged with serious drug crimes, persons charged with committing a crime while on pretrial release, and persons awaiting sentence. See 18 U.S.C. §§ 3142, 3143 and 3148. Each of these factors applies to this defendant. Therefore, this Court should detain him pending sentencing.

**A. Applying the factors in 18 U.S.C. § 3142(g), the defendant should be detained.**

When the defendant is charged with a controlled substance offense punishable by a maximum term of 10 years or more, the Bail Reform Act presumes that he should be detained.

---

[2] Other cases cited by Tortora are to the same effect. See, e.g., United States v. Hurtado, 779 F.2d 1467,1480 (11th Cir. 1985) (district court must conduct an independent review); United States v. Maull, 773 F.2d 1479, 1481-2 (8th Cir. 1985) (district court to conduct de novo review of detention issue, and could hold hearing; court also empowered to accept stipulated facts in such a de novo proceeding); United States v. Delker, 757 F.2d 1390, 1393-94 & n. 3 (3d Cir. 1985) (district court required to make independent review of magistrate's detention order, although "[i]n most cases the district court will find it useful to consider carefully the decision and reasoning of the magistrate" and "may in an informed exercise of discretion, determine whether additional evidence is desirable" beyond what was presented to the magistrate).

18 U.S.C. § 3142(e).  Pursuant to 18 U.S.C. § 3142(g), in order to determine whether a defendant has overcome the presumption of detention, the Court must look to four factors:

> (g) Factors to be considered. – The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning –
>
>> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>>
>> (2) the weight of the evidence against the person;
>>
>> (3) the history and characteristics of the person, including –
>>
>>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>>
>>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>>
>> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In this case, the defendant has not rebutted the statutory presumption of danger and risk of flight under the statute.  Applying the factors of § 3142(g), detention is appropriate.  First, the drug at issue, OxyContin, is extremely dangerous.  It is a highly addictive synthetic narcotic, having addictive properties similar to heroin.  Second, there is no longer any question regarding the strength of the evidence against defendant: he has pled guilty and is awaiting sentencing. With regard to the defendant's character and risk, there is substantial evidence that he threatened

a witness against him. Under these circumstances, detention is appropriate.

**B.  Under 18 U.S.C. § 3148(b), the defendant is properly detained.**

Defendant is accused of violating his conditions of pretrial release by threatening a witness. The Magistrate Judge properly found that probable cause exists for this allegation. In addition to the petition of the Pretrial Services officer, the government was prepared to present proof of this allegation at a hearing scheduled for November 1, 2005 through the testimony of a DEA agent who had interviewed relevant witnesses. The hearing was cancelled by defendant and not rescheduled because defendant voluntarily submitted to detention pending his guilty plea.

The government submits that having declined to put forward evidence in front of the Magistrate Judge, the defendant should not be permitted to put on evidence in the first instance before this Court. Moreover, the government submits that its proffer, together with the Petition by Pretrial Services, is adequate to meet the probable cause burden of § 3148(b). Accordingly, the defendant's appeal of the Magistrate Judge's order should be denied.

**C.  Under 18 U.S.C. § 3143(a)(2), the defendant should be detained.**

Persons convicted of serious drug crimes are presumed to be detained pending sentencing, and it is the individual's burden to prove that release is viable rather than the government's to prove detention. 18 U.S.C. § 3143(a)(2). In this case, defendant has pled guilty. He has admitted to trafficking in narcotics, and he is no longer entitled to the presumption of innocence. See United States v. Bloomer, 967 F.2d 761, 764 (2d Cir. 1992). Although the Court has not yet accepted the defendant's guilty plea, all facts necessary to find that the defendant is in fact guilty have been established: defendant is, consistent with the

wording of the statute, simply awaiting imposition or execution of sentence. Id. Accordingly, given his admission that he is guilty of a serious drug offense, his detention pending sentence should be presumed. Id. Defendant has failed to overcome that presumption, and his motion for release should therefore be denied.

## CONCLUSION

In summary, the Bail Reform Act presumes detention for individuals charged with serious drug crimes, until and unless the individual provides some evidence to defeat the presumption that drug dealers are a serious risk of flight and a danger to the community. The Bail Reform Act also presumes detention for persons for commit crimes while on pretrial release, and for persons awaiting sentence. Each of these conditions applies in this case, and accordingly, this Court should not reverse the Magistrate Judge's determination of detention.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Nancy Rue
Nancy Rue
Assistant U.S. Attorney